

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| COLTON GERARD BULLTAIL,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY DETENTION FACILITY, SHERIFF MIKE LINDER, CAPTAIN SAM BOFTO, LIEUTENANT TIMOTHY NEITER, SERGEANT RANDY NAGEL, and OFFICER DAKOTA SING,<br><br>Defendants. | CV 17-00157-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Colton Bulltail filed a Complaint alleging Defendants forced him to remain overnight in a cell with feces and urine on the floor in violation of the Eighth Amendment to the United States Constitution. The Complaint fails to state a claim upon which relief may be granted, and this matter should be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Mr. Bulltail is a state prisoner proceeding without counsel and in forma pauperis. His claims arose during his incarceration at Yellowstone County Detention Facility (YCDF) in Billings, Montana. He names the following

1

Defendants: Yellowstone County Detention Facility, Sheriff Mike Linder, Captain Sam Bofto, Lieutenant Timothy Neiter, Sergeant Randy Nagel, and Officer Dakota Sing. (Complaint, Doc. 2 at 5-7.)

### B. Allegations

Mr. Bulltail alleges his Eighth Amendment rights were violated on November 12, 2016 when urine and feces from the cell above his cell backed up out of his toilet onto the floor. He asked Officer Jameson if he could clean the cell, but was told that since it was shift change he would have to wait until count cleared. After count cleared, Mr. Bulltail again asked if he could clean the urine and feces off the floor, but Officer Dakota Sing told him there were no clean mop heads, and he would not be let out of the cell to clean it up. Mr. Bulltail went to sleep, and when the next shift came on Officer Johnson let him out to clean the cell. (Complaint, Doc. 2 at 8.)

## II. INITIAL SCREENING

Mr. Bulltail is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability,"

3

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id. (citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

4

## III. ANALYSIS

### A. Substantive Claims

Mr. Bulltail raises his claims under the Eighth Amendment to the United States Constitution (Complaint, Doc. 2 at 8); however, the Eighth Amendment only applies to convicted prisoners. Given Mr. Bulltail's incarceration at the YCDF, it is not clear whether he was a pretrial detainee or a convicted prisoner at the time of this incident. A pretrial detainee's (as opposed to a convicted prisoner's) constitutional rights relative to conditions of confinement are addressed under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). In the past, it was assumed that the standard applicable to a pretrial detainee's conditions of confinement claims brought under the Fourteenth Amendment was the same state of mind requirement as an Eighth Amendment violation, i.e., subjective deliberate indifference to a substantial risk of serious harm. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). That holding was called into question, however, by the United States Supreme Court in a Fourteenth Amendment excessive force case. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The Ninth Circuit extended the

*Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Most recently, the Ninth Circuit extended the objective deliberate indifference standard articulated in *Castro* to medical care claims, and noted that the Second Circuit has extended the objective deliberate indifference standard to all conditions of confinement claims brought under the due process clause of the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018)(citing *Darnell v. City of New York*, 849 F.3d 17, 36 (2nd Cir. 2017)(opining on a wide range of conditions of confinement claims brought by twenty pretrial detainees, the court held "[c]onsistency with the Supreme Court's decision in *Kingsley* now dictates that deliberate indifference be measured objectively in due process cases").

While the Ninth Circuit has not expressly extended the objective deliberate indifference standards to all conditions of confinement claims, out of an abundance of caution, this Court will analyze Mr. Bulltail's claims under the *Castro* objective reasonableness test. That test requires a plaintiff to show that:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
(2) Those conditions put plaintiff at substantial risk of suffering serious harm;
(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk

6

> involved—making the consequences of the defendant's conduct obvious; and
> 
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071 & n.4.

The Court finds that Mr. Bulltail's placement overnight in a cell in which a toilet had backed up does not meet these standards for deliberate indifference. Although Mr. Bulltail alleges some of the defendants made an intentional decision to keep him in the dirty cell, he has not established that those conditions placed him at substantial risk of suffering serious harm. In the Eighth Amendment context, when considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314, *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995). Here, Mr. Bulltail alleges his toilet backed up late in the evening and he was allowed out to clean his cell the next morning. This was not a prolonged exposure to unsanitary conditions. There is no allegation that these conditions placed Mr. Bulltail at a substantial risk of serious harm, that a

reasonable officer would have appreciated the high degree of risk, or that it caused Mr. Bulltail injury. The only alleged injury is mental anguish and no trust in the system to do the right thing. This is insufficient to rise to the level of a constitutional violation.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Bulltail failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bulltail may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of May, 2018.

Timothy J. Cavan
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Bulltail is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.